UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VELIA TANEFF, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>CALUMET TOWNSHIP and MARY L. )<br>ELGIN, individually and in her official )<br>capacity as Trustee of Calumet Township, )<br>  Defendants. ) | CAUSE NO.: 2:07-CV-00216-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss [DE 16], filed on September 4, 2007.  On September 21, 2007, the Plaintiff, Velia Taneff, filed a response in opposition to the Motion to Dismiss.  On October 17, 2007, the Defendants, Calumet Township and Mary L. Elgin ("Elgin"), filed a reply.  For the following reasons, the Court denies the Defendants' Motion to Dismiss.

**PROCEDURAL BACKGROUND**

On June 28, 2007, the Plaintiff filed a one count Complaint, suing the Defendants under 42 U.S.C. § 1983.  The Plaintiff alleges that the Defendants violated her right to free speech, as provided by the First and Fourteenth Amendments to the United States Constitution, by firing her for a politically motivated reason.  The Plaintiff seeks reasonable compensation for losses and harms suffered, reinstatement, punitive damages, attorneys' fees, and any other relief deemed proper.

On September 4, 2007, the Defendants filed a Motion to Dismiss the Plaintiff's lawsuit. The Motion is now fully briefed and before the Court.  The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a

final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636.

## FACTUAL BACKGROUND

The following facts are drawn from the Plaintiff's Complaint and her response in opposition to the Defendants' Motion to Dismiss.

The Plaintiff is a former employee of the Office of the Calumet Township Trustee and she resides in Calumet Township in Lake County, Indiana. Calumet Township is a political subdivision of Lake County, Indiana. At all relevant times, Elgin was the elected Trustee of Calumet Township, Lake County, Indiana.

In January 2003, the Plaintiff began working in the Office of the Calumet Township Trustee as a clerk. On March 31, 2006, Elgin terminated the Plaintiff from her employment. The Plaintiff alleges that Elgin terminated her employment because she did not support Elgin's re-election and instead supported Elgin's political opponent.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative

level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). In ruling on such a motion, the Court may consider the complaint, the answer, and any written instruments attached to the complaint as exhibits. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988).

## ANALYSIS

In their Motion to Dismiss, the Defendants offer three distinct arguments in support of dismissing the Plaintiff's claim. The Court will consider each of the Defendants' arguments separately.

### A.  Naming "Calumet Township" as a party

First, the Defendants argue that the Plaintiff's claim should be dismissed because her Complaint fails to properly name Calumet Township as a party to this lawsuit. The Defendants state that Calumet Township's correct corporate municipal name, according to Indiana Code, is "Calumet Township of Lake County," and not, as the Plaintiff stated in her Complaint, "Calumet Township." Compl. at 1. The Defendants contend that because Calumet Township's name is incorrectly stated in the Complaint, the Plaintiff's cause of action is "implausible." Defs.' Br. at 2. The Defendants are correct that pursuant to Indiana Code § 36-6-1-1(a), Calumet Township is known as Calumet Township of Lake County; however, the Court finds that the Plaintiff's reference to the Defendant

as "Calumet Township" is not grounds to dismiss her cause of action.  *See* Ind. Code § 36-6-1-1(a) (Indiana townships are "known as _____ Township of _____ County . . .").

The United States Court of Appeals for the Seventh Circuit has previously held that an erroneous caption "is not fatal to a suit."  *See Collins v. Kilbort*, 143 F.3d 331, 335 (7th Cir. 1998) (court found that a mistake in the caption that resulted in the jury verdict form finding a previously dismissed defendant liable could be resolved by vacating the judgment against the dismissed defendant).  The determination of whether an improperly named party merits dismissal is within the discretion of the district court.  *See English v. Cowell*, 969 F.2d 465, 468 n. 6 (7th Cir. 1992) (citing *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. 1981)).  If the correct party is before the court, but has appeared under a name other than its legal name, an amendment to cure the mistake should be permitted.  *See English v. Cowell*, 10 F.3d 434, 440 (7th Cir. 1993); *Irvin v. City of Chicago*, 2007 WL 3037051, at *2 (N.D. Ill. Oct. 15, 2007) (quoting *Athmer v. CEI Equip. Co., Inc.*, 121 F.3d 294, 296 (7th Cir. 1997)) ("a 'misnomer is nothing more than an error in the drafting of the complaint, and it ought to be corrigible by amendment . . .'").  According to Federal Rule of Civil Procedure 15, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).

Here, the Defendants do not argue that they have been prejudiced by the naming of "Calumet Township."  To the contrary, Calumet Township entered an appearance in this matter, by counsel, and subsequently moved to dismiss the lawsuit.  Thus, the Defendants are clearly on notice of the Plaintiff's claim and are represented by legal counsel.  Further, the Plaintiff filed her Complaint in this matter on June 28, 2007.  The Rule 16(b) scheduling conference has not yet taken place, it is scheduled to occur on January 17, 2008.  Typically, the deadline for the parties to amend their

pleadings is set at the Rule 16(b) conference. Thus, here, the deadline to amend the Complaint has not yet been set, much less expired. Therefore, the Defendants have not been prejudiced by passage of time, or otherwise from the naming of "Calumet Township" in the caption of the Plaintiff's Complaint.

In addition, in the "PARTIES" section of her Complaint, the Plaintiff identifies Calumet Township as "Defendant Calumet Township is a political subdivision in Lake County, Indiana." Compl. at ¶ 5. Clearly, regardless of the Plaintiff's misnomer, it is apparent that Calumet Township is the intended party of the Plaintiff's claim, and is on notice of such. For the above reasons, the Court denies the Defendants' request for dismissal based on the Plaintiff naming "Calumet Township" as a defendant to this lawsuit.

### B.  Allegations against Elgin

Second, the Defendants argue that the Plaintiff's claim must fail because the allegations in the Complaint against Elgin concern only her actions as a county official. The Defendants further claim that as the Trustee of Calumet Township, Elgin's work concerns "poor relief," and that it follows that the Plaintiff's suit therefore involves "poor relief." Defs.' Reply Br. at 2. The Defendants state that under Indiana Code, a lawsuit premised upon poor relief ". . . shall be conducted in favor or against the township in the township's corporate name." Ind. Code § 12-20-2-1. The Defendants thus argue that Elgin cannot be sued individually for her official acts, and a lawsuit based on those acts can only properly be brought against the township.

The Plaintiff meritoriously argues that while the Defendants are correct that a suit for poor relief can only be brought against Calumet Township, it is apparent that this is not a lawsuit premised upon or even concerning poor relief. Lawsuits filed under Indiana Code § 12-20-2-1

5

generally focus on claims initiated by poor relief applicants and recipients. Often, these lawsuits include questions regarding the constitutionality of Indiana's welfare laws, poor relief income standards, and the plans for implementing economic relief in a community. *See Hopson v. Schilling*, 418 F. Supp. 1223 (N.D. Ind. 1976) (questioning the constitutionality of Indiana's poor relief laws and the trustee's plan for implementation); *State ex rel. Van Buskirk v. Wayne Twp., Marion County*, 418 N.E.2d 234 (Ind. Ct. App. 1981) (holding that substantial fact issues existed as to whether income standards were reasonably calculated to meet the needs of the poor). However, the instant suit is brought by a former employee claiming a violation of her constitutional right to free speech. The Plaintiff expressly alleges in her Complaint that the Defendants violated her First and Fourteenth Amendment rights by discharging her due to her political affiliation. *See* Compl. ¶ 1.

Based on the limited, and at this point undeveloped, record in this lawsuit, it is true that as Trustee of Calumet Township, Elgin is responsible for the administration of poor relief in Calumet Township. It follows that the Plaintiff, who was employed as a clerk for Elgin, likely worked on poor relief projects or topics. However, the Plaintiff's former work matter is largely unrelated to the free speech claim raised in the instant litigation. The Court finds that the Plaintiff's claim against Elgin is not precluded by the reason asserted by the Defendants and therefore denies their request that the Plaintiff's claim against Elgin be dismissed.

### C. Punitive damages

Finally, the Defendants' argue that the Plaintiff's request for punitive damages should be dismissed. The Defendants, relying on United States Supreme Court precedent, argue that governmental entities and governmental employees sued in their official capacity are not subject to punitive damages in § 1983 litigation. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271

(1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983); *see also Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991) (citing *Kolar v. County of Sangamon*, 756 F.2d 564, 567 (7th Cir. 1985)) ("a plaintiff is typically precluded from recovering punitive damages in an official capacity suit absent a waiver of such immunity by federal or state law"). The Plaintiff concedes that punitive damages are not appropriate remedies against Calumet Township or Elgin in her official capacity.

However, the Plaintiff's suit involves not only a governmental entity and Elgin in her official capacity, but also Elgin in her individual capacity. Finding that punitive damages against a public official sued in an individual capacity are an effective means of deterrence, the Supreme Court reasoned, "By allowing juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources, [42 U.S.C. § 1983] directly advances the public's interest in preventing repeated constitutional deprivations." *Newport*, 453 U.S. at 269. The Court reasoned that by allowing officials to be liable for punitive damages under § 1983, there is "sufficient protection against the prospect that a public official may commit recurrent constitutional violations by reason of his office." *Id*. at 269-70. Therefore, the Court finds that the Plaintiff's request for punitive damages against Elgin in her individual capacity is legally supported and not subject to dismissal.

In possible anticipation of the Court's finding, the Defendants argue that the Plaintiff failed to state a viable claim against Elgin in her individual capacity, and thus, again contend that punitive damages are not appropriate in this lawsuit. The Defendants argue that the Plaintiff only claims that she was fired for political reasons, and does not specifically assert any allegations against Elgin in her official capacity. The entirety of the relevant evidence currently before the Court is the

7

Plaintiff's allegation that Elgin "willfully and intentionally terminated Plaintiff from employment for political reasons." Compl. ¶ 12. Without the benefit of discovery to illuminate the facts surrounding this claim, the Court finds that the question of whether Elgin acted in her individual capacity is not capable of resolution at this stage of litigation.

In favor of eliminating punitive damages from the list of available remedies, the Defendants rely on *Soderbeck v. Burnett County*, in which the court stated that "employees at the policy-making level of government can be fired on political grounds . . ." 752 F.2d 285, 288 (7th Cir. 1985) (citing *Elrod v. Burns*, 427 U.S. 347, 367-68 (1976) (plurality opinion)). While this may be true, the Defendants do not establish that the Plaintiff, as a clerk in the Trustee's Office, was at a "policy-making level." Further, this is a liability issue, it has no bearing on punitive damages. Any evaluation of the Plaintiff's status as a policy-maker is not before the Court at this time. Based on the foregoing, the Court finds that the Plaintiff's claim for punitive damages against Elgin in her individual capacity survives the Motion to Dismiss.

The Court also notes that an improper request for punitive damages is not an adequate reason to dismiss the substance of a complaint asserting a constitutional violation. Punitive damages are merely one form of relief requested by the Plaintiff in this matter. Though there is well-settled law that government entities and individuals acting within their official capacity are not subject to punitive damages, which serves to limit the potential relief in this matter, this finding does not affect the outcome of the Court's ruling on the Defendants' request that the cause of action be dismissed.

## CONCLUSION

For the forgoing reasons, the Court **DENIES** the Defendants', Calumet Township of Lake County and Mary L. Elgin's Motion to Dismiss [DE 16].

SO ORDERED this 11th day of January, 2008.

                                          s/Paul R. Cherry
                                          MAGISTRATE JUDGE PAUL R. CHERRY
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record