UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VELIA TANEFF,<br>    Plaintiff,<br><br>v.<br><br>CALUMET TOWNSHIP and MARY<br>ELGIN, individually and in her official<br>capacity as Trustee of Calumet Township,<br>    Defendants. | CAUSE NO.: 2:07-CV-216-PRC |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Attendance at Deposition [DE 31], filed by Plaintiff Velia Taneff on June 30, 2008. Also on June 30, 2008, Plaintiff filed a Certification in compliance with Local Rule 37.1. On July 22, 2008, Defendants Calumet Township and Mary Elgin, individually and in her official capacity as Trustee of Calumet Township, filed a Defendants' Response to Plaintiff's Motion to Compel Attendance at Deposition. On August 1, 2008, Plaintiff filed a Plaintiff's Reply Memorandum.

Plaintiff moves the Court, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, to compel Defendant Mary Elgin and Defendants' representatives Alice Beard, Rojean Jones, and Jacquelyn Davis to appear for depositions. Plaintiff also requests that the Court award her sanctions for the costs incurred by bringing the Motion.

**BACKGROUND**

On June 28, 2007, Plaintiff filed a one count Complaint, suing Defendants under 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated her right to free speech, as provided by the First

and Fourteenth Amendments to the United States Constitution, by firing her for a politically motivated reason.

In an initial attempt to schedule depositions, on January 28, 2008, Plaintiff's counsel contacted Defendants' counsel and informed him that she would like to depose Mary Elgin and several other employees of Calumet Township during the weeks of February 10 or 17, 2008. Plaintiff's counsel asked that Defendants' counsel get back to her to schedule deposition dates.

Defendants' counsel responded on January 31, 2008, informing Plaintiff's counsel that deposing Mary Elgin in February would not be possible. Defendants' counsel stated that he would get back to Plaintiff's counsel with available dates as quickly as he could.

Apparently Defendants' counsel did not get back to Plaintiff's counsel quickly enough because on March 21, 2008, Defendants' counsel received notice that Plaintiff's counsel had unilaterally scheduled the depositions of Elgin, Beard, and Jones for April 3, 2008.

On March 25, 2008, Defendants' counsel contacted Plaintiff's counsel who agreed to postpone the April 3, 2008 depositions. Defendants' counsel agreed to provide Plaintiff's counsel with new dates for the depositions on or before March 28, 2008.

On March 27, 2008, Defendants' counsel proposed new deposition dates between May 28 and June 6, 2008. On April 22, 2008, Plaintiff's counsel served notice of depositions for Elgin, Beard, and Jones to occur between May 28 and June 4, 2008.

On May 27, 2008, Defendant's counsel contacted Plaintiff's counsel and informed her that he needed to reschedule the depositions because the Calumet Township Trustee was moving to a new office and the relocation conflicted with the scheduled depositions.

On June 3, 2008, Defendants' counsel proposed new deposition dates of June 26, 2008 for Beard and Jones and July 10, 2008 for Elgin. Plaintiff's counsel objected to these dates and Defendants' counsel responded that his schedule and his client's schedule would not permit a deposition of Elgin earlier than July 10, 2008.

Defendants' counsel represents that Elgin's deposition did occur on July 10, 2008. Further, Defendants' counsel represents that Beard, Jones, Davis, and additional Calumet Township Trustee representative Shirley Payne were scheduled to be deposed on August 8, 2008.

The non-expert discovery deadline in this matter is currently set for September 1, 2008.

**ANALYSIS**

In light of Defendants' representation that the parties deposed Mary Elgin on July 10, 2008, the Motion, insofar as it asks to compel the deposition of Elgin, is denied as moot.

Turning to the remaining requests, Rule 37(d) provides, in part, "The court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent–or a person designated under Rule 30(b)(6) or 31(a)(4)–fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). Further, the Rule provides, "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

In imposing Rule 37 sanctions, a district court need not select the "least drastic" or "most reasonable" sanction. *Melendez v. Ill. Bell. Telephone Co.*, 79 F.3d 661, 672 (7th Cir. 1996) (citations

and quotations omitted). However, the court may only impose sanctions that are "proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Id*. (citations and quotations omitted).

Here, Defendants and their counsel twice canceled scheduled depositions, and acted unprofessionally by canceling Elgin's scheduled May 28, 2008 deposition at the last-minute. Events such as the relocation of a client's offices should be accounted for in scheduling. Notice of such events should be promptly given upon their discovery. Nevertheless, despite their poor timing, Defendants did not fail to attend any scheduled depositions. Prior to the scheduled depositions, Defendants provided Plaintiff's counsel with notice that they could not attend. Plaintiff's counsel maintains that she did not agree to cancel the second set of scheduled depositions, however, she does acknowledge that she was notified that Defendants would not attend. Pursuant to Rule 37(d), while Defendants' conduct may have been inconsiderate, it does not merit the award of sanctions.

In addition, Plaintiff's counsel's handling of this discovery dispute was not flawless. Rather than immediately bringing the issue to the Court (after attempting to resolve it with Defendants) following Defendants' cancellations of the April, May, and June depositions, Plaintiff's counsel waited until June 30, 2008 to file the instant Motion. By the time the Motion could be fully briefed and considered by the Court, part, if not all of Plaintiff's requested relief is moot.

By the time this Opinion and Order is issued, according to representations in the parties' briefing, it is possible that all of the depositions requested by Plaintiff in the instant Motion will have occurred. In the event they have not, the Court, pursuant to Rule 30 of the Federal Rules of Civil Procedure, orders that the parties confer in good faith to schedule the depositions of any remaining Defendants' deponents and that the scheduling be completed by September 2, 2008, with the depositions to be held within a reasonable period of time thereafter.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS in part and DENIES AS MOOT in part and DENIES in part** the Motion to Compel Attendance at Deposition [DE 31]. The Court **GRANTS** the Motion to the extent that if any of the depositions requested have not yet occurred, the parties confer in good faith to schedule those depositions, and do so on or before **September 2, 2008**, with the depositions to occur within a reasonable time thereafter. The Court **DENIES AS MOOT** the Motion to the extent that it asks to compel the appearance of Trustee Mary Elgin for deposition. The Court **DENIES** the Motion to the extent that it requests monetary sanctions.

A failure by the parties to comply with this Opinion and Order may result in sanctions imposed by the Court.

SO ORDERED this 21st day of August, 2008.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   All counsel of record