# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VELIA TANEFF ) | |
|           Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-216-PRC |
| ) | |
| CALUMET TOWNSHIP and MARY L. ELGIN, ) | |
| individually and in her official capacity as Trustee ) | |
| of Calumet Township, ) | |
|           Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Relief from Judgment Pursuant to F.R.C.P.60(B) (sic) [DE 68], filed by Plaintiff Velia Taneff on January 23, 2009.

## PROCEDURAL BACKGROUND

On June 28, 2007, Plaintiff Velia Taneff filed a Complaint against Calumet Township ("the Township") and Mary L. Elgin ("Elgin") (collectively, "Defendants"), alleging that Defendants violated her rights under the First and Fourteenth Amendments of the United States Constitution and under 42 U.S.C. § 1983, by unlawful and politically motivated termination of Plaintiff's employment with Defendants. Defendants filed a Motion to Dismiss on September 4, 2007, which the Court denied on January 11, 2008. On February 21, 2008, Defendants filed an Answer to Plaintiff's Complaint and Affirmative Defenses.

On October 1, 2008, Defendants filed a Motion for Summary Judgment with an accompanying brief in support. Plaintiff filed a response brief on October 31, 2008, and Defendants filed a reply brief, as well as Objections to the Admissibility of Plaintiff's Rule 56 Evidence, on November 24, 2008. On December 29, 2008, the Court granted the Motion for Summary Judgment in Defendants' favor and denied the Objections as moot.

On January 23, 2009, Plaintiff filed a Motion for Relief from Judgment Pursuant to F.R.C.P. 60(B) with an attached supplement. Plaintiff filed a Motion for Extension of Time to File Notice of Appeal on January 23, 2009, which the Court granted on January 28, 2009.

On February 12, 2009, Defendants filed their Response brief in opposition to the instant Motion. Plaintiff filed her Reply brief on February 17, 2009.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**ANALYSIS**

Plaintiff argues that she is entitled to relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) because she inadvertently failed to include several portions of deposition transcripts that were cited in her response brief to Defendants' Motion for Summary Judgment in her Appendix that was filed with the Court. Plaintiff requests that the Court permit the omitted evidence to be included in the Court's record and, based on the additional evidence, provide relief from its judgment against Plaintiff. In the alternative, Plaintiff requests that the Court permit the omitted evidence to be included in the record and grant any other relief that the Court deems appropriate.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Id.* A party who seeks to defeat a motion for summary judgment must "wheel out all its artillery to defeat it." *Id.* at 1270. "Reconsideration is not an appropriate forum

2

for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.,* 131 F.3d 625, 628 (7th Cir.1997).

Under Rule 60(b), relief from a final judgment may be granted based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The determination of what constitutes "excusable neglect" under Rule 60(b)(1) is an equitable one that takes account of all the relevant circumstances surrounding the party's omission. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997).

*1. Arguments Previously Rejected by this Court*

As a preliminary matter, the Court notes that Plaintiff filed with the instant Motion an attached supplement detailing the evidence omitted from the Appendix attached to her response brief opposing the Motion for Summary Judgment, and arguing why such evidence should be included in the record. Accordingly, the Court will construe the attached supplement–Plaintiff's Evidence Omitted from Appendix–as being part of the instant Motion.

In the instant Motion, it appears that Plaintiff rehashes prior arguments that were raised in response to Defendants' Motion for Summary Judgment and rejected by this Court.

First, Plaintiff seeks to include portions of her own deposition testimony (page 164, lines 2-25; page 136, lines 2-25), purporting to show that she supported a rival candidate to Ms. Elgin's office, to support her argument that politics motivated the Defendants' decision to terminate her and that their reasons given for terminating her were pretextual. The Court addressed this argument in its December 29, 2008 Order. There, the Court determined that Plaintiff could establish that Defendants knew of her political affiliation with a rival candidate, but concluded that she failed to show that this motivated their decision to terminate her. Plaintiff is rehashing the same argument

3

here. Further, Plaintiff contends that the cited deposition testimony reflects that Plaintiff supported another candidate in the 2006 election, but the portion of testimony provided with the instant Motion only provides that Plaintiff believed that Jerome Prince was going to be a possible candidate in the then-upcoming election, not that Plaintiff supported him. In fact, the portion of deposition testimony where Plaintiff allegedly states that she supported Mr. Prince is not included in the attached exhibits to the instant Motion.

Next, Plaintiff seeks to include the deposition testimony of Ms. Payne (page 46, lines 12-25), Ms. Jones (page 25, lines 1-25; page 26, lines 1-23), and Mr. McDaniel (page 79, lines 16-24) to advance her argument that politics motivated the Defendants' decision to terminate her and that their reasons given for terminating her were pretextual, by demonstrating that widespread political activity occurred in the workplace. However, the Court addressed, and rejected, this argument by finding that there was no political motivation in Plaintiff's termination and that there was no evidence that any political activity that may have occurred was either reported to Ms. Elgin, or that she knew of this activity. Plaintiff may not reargue these previously rejected arguments on reconsideration. *Caisse*, 90 F.3d at 1270. Accordingly, the Court finds that no "manifest error of law or fact" was committed in granting Defendants' Motion for Summary Judgment.

*2. New Argument Raised in the Instant Motion*

In the instant Motion, Plaintiff also raises a new argument with regard to Ms. Elgin's testimony. In addressing Ms. Elgin's testimony (page 77, lines 8-16), Plaintiff argues that the offered testimony "demonstrates the futility of reporting to Elgin, other employee's political conduct on the job because she condoned it." Pl.'s Mot. Reconsideration at 3. Plaintiff did not raise this argument in her response to Defendants' Motion for Summary Judgment and seeks to do so in

4

support of the instant Motion. This is an argument that could, and should, have been raised during the pendency of the summary judgment motion. Plaintiff is precluded from "arguing matters that could have been heard during the pendency of the previous motion." *Caisse*, 90 F.3d at 1270. Accordingly, Plaintiff cannot raise this new argument in support of the instant Motion.

*3. Deposition Testimony of Ms. Payne Regarding Credibility*

Plaintiff further argues that the Court should consider Ms. Payne's deposition testimony (page 21, lines 14-25; page 22, lines 1-10) regarding how she bought, sold, and distributed tickets for Ms. Elgin's political fundraising events as it raises credibility issues. Yet, Plaintiff fails to explain how this testimony is significant with respect to the outcome of the Court's December 29, 2008 Order, especially since the Court did not rely on Ms. Payne's testimony. Further, as Defendants correctly point out, page 21 of Ms. Payne's deposition testimony was already before the Court during the pendency of the summary judgment motion as it was part of Defendant's Supplemental Appendix of Exhibits in Support of Summary Judgment.

Taking into consideration the arguments advanced by Plaintiff in the instant Motion, Plaintiff rehashes prior rejected arguments, raises a new argument, and fails to show that any "manifest error of law or fact" was committed in granting Defendants' Motion for Summary Judgment. Accordingly, Plaintiff has failed to show exceptional circumstances warranting relief under Rule 60(b) and the Court denies Plaintiff's Motion for Relief from Judgment Pursuant to F.R.C.P. 60(B) and reaffirms its December 29, 2008 Order.

*4. Excusable Neglect*

In the alternative, Defendants argue that the instant Motion should be rejected because

Plaintiff has failed to show excusable neglect under Rule 60(b)(1). In Plaintiff's reply brief, she argues that her inadvertent failure to include the cited evidence in the Appendix to her response brief to the Motion for Summary Judgment is the type of excusable neglect referred to under Rule 60(b)(1).

The relevant circumstances for the Court to consider regarding excusable neglect include: "(1) the reasons for the delay, including whether it was within the reasonable control of the movant; (2) the danger of prejudice to the defendant; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the movant acted in good faith." *Owens v. Blagojevich*, No. 06-cv-380-DRH, 2008 WL 4792707, at *3 (S.D. Ill. Oct. 29, 2008). The determination of what constitutes "excusable neglect" is within the discretion of the trial court. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).

Applying the relevant circumstances to this case, while the length of delay in bringing the instant Motion was not long, as it was within thirty days of the Court's December 29, 2008 Order, it appears that Defendants will be prejudiced in "having to further utilize resources to defend an action already determined on the merits." *Moore v. Cingular Wireless*, No. 02 C 2079, 2005 WL 2989882, at *2 (N.D. Ill. Nov. 3, 2005). Further, although the reason for delay provided by Plaintiff is that the portions of deposition testimony cited in Plaintiff's response brief to the Motion for Summary Judgment were inadvertently left out of her Appendix by counsel for Plaintiff's staff, and that this was not discovered until after the Court's Order was issued, the Court notes that Plaintiff was wholly in control of this material. Significantly, on November 24, 2008, Defendant filed a Motion for Leave to File Supplemental Appendix of Exhibits in Support of Summary Judgment, to include in the record deposition testimony that Plaintiff cited, but failed to include in the record.

6

Additionally, Defendants' reply brief in support of summary judgment pointed out that there was testimony that Plaintiff cited which was missing from Plaintiff's Appendix. *See* Defs.' Reply Br. at 3 (stating that Plaintiff "cites 'App 27 p 25-26', but there is no p 25-26 at App. 27 in the materials obtained by undersigned [counsel]."). This should have put Plaintiff on notice that other evidence might be missing from her Appendix. Yet, Plaintiff did not respond to the Defendants' Motion for Leave and failed to file her own supplemental appendix. These factors alone prevent the Court from finding that Plaintiff's omission was excusable. Accordingly, Plaintiff's Motion for Relief from Judgment Pursuant to F.R.C.P. 60(b) must be denied.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiff's Motion for Relief from Judgment Pursuant to F.R.C.P.60(B) [DE 68].

SO ORDERED this 19th day of February, 2009.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record