# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VELIA TANEFF ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CV-216-PRC |
| ) | |
| CALUMET TOWNSHIP and MARY L. ELGIN, ) | |
| individually and in her official capacity as Trustee ) | |
| of Calumet Township, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to Taxing of Costs [DE 64], filed by Plaintiff on January 12, 2009.

On December 29, 2008, the Court issued an Opinion and Order granting Defendants' Motion for Summary Judgment. On January 6, 2009, Defendants filed their Bill of Costs. On January 7, 2009, the Clerk of Court entered a Notice of Costs to be Taxed.

On February 23, 2009, Defendants filed an Amended Bill of Costs seeking essentially the same amount of costs as in the January 6, 2009 Bill of Costs, with the only change being a request for $250.12 in printing costs, rather than $240.82 for photocopying costs.

In the instant Objection, Plaintiff objects to the taxation of costs on the grounds that Defendant Elgin has unnecessarily delayed and prolonged the proceedings, Plaintiff is unable to pay, the deposition costs are unreasonable, and the copying costs for medical records are unreasonable. The Court address each objection in turn.

## ANALYSIS

Under Federal Rule of Civil Procedure 54(d), "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Rule 54(d) creates a "strong presumption

that the prevailing party will recover costs." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The losing party has the burden of overcoming that strong presumption. *Aguirre v. Turner Const. Co.*, No. 05 C 0515, 2008 WL 4790392, at *1 (N.D. Ill. Oct. 27, 2008). Generally, "only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Weeks*, 126 F.3d at 945.

*1. Unnecessary Delay in Conducting Ms. Elgin's Deposition*

Plaintiff objects to the taxation of costs on grounds that Ms. Elgin allegedly delayed and prolonged the proceedings. First, Plaintiff argues that Ms. Elgin prolonged the proceedings by filing a Motion to Dismiss that was based on an allegedly frivolous defense (that Elgin could only be sued in her official capacity because the function of the Township Trustee was poor relief). As Defendants point out, Plaintiff did not raise this argument during the pendency of the Motion to Dismiss, but, instead, has done so for the first time in this objection. Plaintiff's argument should have been made during the pendency of the motion to dismiss and her failure to do so in her response brief to that motion constitutes a waiver of that argument. *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. March 14, 2008).

Next, Plaintiff argues that Ms. Elgin delayed the proceedings by postponing and cancelling her deposition. Plaintiff filed a Motion to Compel on June 30, 2008, seeking to compel Ms. Elgin's deposition. In the Court's August 21, 2008 Opinion and Order, the Court did not note any bad faith on Defendants' part in postponing Ms. Elgin's deposition. Aside from the parties agreement to postpone Ms. Elgin's deposition, one of the reasons for the delay was that the Calumet Township Trustee's Office was moving to a new location and the relocation conflicted with one of Ms. Elgin's scheduled depositions. The Court granted the Motion to Compel in part, and denied it as moot in part, since by the time the motion was filed, Ms. Elgin had already been deposed. In the instant objection, Plaintiff fails to raise any new facts that demonstrate that the delay in deposing Ms. Elgin

was unnecessary. Accordingly, Plaintiff has failed to show that Ms. Elgin engaged in any misconduct by delaying her deposition.

## 2. *Plaintiff's Ability to Pay*

Plaintiff further objects to the taxation of costs on the ground that she is unable to pay the taxed costs. In particular, Plaintiff alleges that she was seventy eight years old when she was terminated and "not a marketable age at which to be thrust into the job market." Pl.'s Objection at 2. Plaintiff further represents that she has had to pay her own litigation costs from a fixed income of her deceased husband's pension and social security, and further represents that taxing costs against her would further burden her ability to maintain herself financially.

A party hoping to avoid costs based on inability to pay must show actual indigence, not just that the party's financial resources are limited. *Corder v. Lucent Techs., Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). However, indigence is not a "blanket excuse for paying costs." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). Instead, this exception is very narrow and requires the court to make a factual finding that the losing party is "incapable of paying the court-imposed costs at this time or in the future." *Id.* The losing party has the burden of providing the district court with sufficient documentation to support such a finding, including "evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* Additionally, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

While Plaintiff alleges that she has had to pay her own costs of litigation from a fixed income and that taxing costs against her would further burden her ability to maintain herself financially, Plaintiff has failed to provide the court with any affidavits or other evidence supporting her allegations. Plaintiff has failed to provide any evidence indicating how much she receives from her

3

deceased husband's pension or from social security, whether she has any other source of income, whether she supports anyone besides herself, whether she owns any property or has any assets, or whether other people help support her. Although Plaintiff alleges that she was not a "marketable age" when Defendants terminated her employment, Plaintiff has failed to provide this Court with any information as to whether she continued to remain unemployed after being terminated. Plaintiff has failed to provide sufficient documentation from which the Court can determine that she is incapable of paying costs now, and that she will be unable to do so in the future as well. *See Rivera*, 469 F.3d at 636-37. Accordingly, the Court concludes that Plaintiff has failed to show that she is unable to pay the costs of this lawsuit.

*3. Reasonableness of Deposition Costs*

Plaintiff next argues that the deposition costs are unreasonable. In particular, Plaintiff argues that Defendants' court reporter appearance fee is unreasonable as their court reporter charged $200.00 for a minimum of two hours, while Plaintiff's court reporter charged only a $70.00 appearance fee for the same minimum time. In response, Defendants argue that they did not choose the designated court reporter because of her rates and fees, but rather, because of her professional background and qualifications. Further, Defendants argue that they did not set the court reporter's fees and rates.

Court reporter attendance fees are recoverable under 28 U.S.C. § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Hourly fees in excess of $60.00 are ordinarily unreasonable. *Askew v. City of Chicago*, No. Civ.A. 04 C 3863, 2006 WL 1005167, at *2 (N.D. Ill. April 12, 2006). An hourly fee ranging between $34.00-$45.00 is reasonable. *Thomas v. Guardsmark, Inc.*, No. 02 C 8848, 2005 WL 2405823, at *2 (N.D. Ill. Sept. 27, 2005).

4

Here, the hourly fee for Defendants' designated court reporter is $40.00. Based on the case law in this Circuit, this constitutes a reasonable hourly appearance fee and Plaintiff has failed to show to the contrary.

Defendants also represent that the depositions taken in this case were necessary to prepare dispositive motions and prepare for trial. Plaintiff has failed to refute this contention. The Court finds that the depositions taken in this case were "reasonably necessary" as the individuals who were deposed–Plaintiff, Ms. Frazier, and Mr. McDaniel–had information relevant to the circumstances surrounding Plaintiff's termination. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (stating that "[t]he proper inquiring is whether the deposition was 'reasonably necessary' to the case at the time it was taken . . ."). Therefore, it was reasonable for Defendants to depose these individuals and order the deposition transcripts. *See id.* (holding that it was reasonable for a defendant to order transcripts of individuals who had information relevant to the events surrounding the plaintiff's termination). Accordingly, the Court overrules Plaintiff's objection to taxation of the deposition costs.[1]

*4. Reasonableness of Copying Costs for Medical Records*

Plaintiff lastly argues that the copying costs for medical records are unreasonable because medical records are not relevant to the instant case.

Copying costs of medical records that are necessary for a case are allowable. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Defendants argue that medical records were

---

[1] The Court notes that the invoice dated August 18, 2008, for the depositions of Ms. Beard, Ms. Davison, Ms. Payne, and Ms. Jones also includes a $15.00 charge for an ASCII copy. However, ASCII diskette copies are considered to be for the convenience of the attorneys and are not recoverable costs. *Hall v. City of Chicago*, No. 98 C 4682, 2003 WL 21518536, at *2 (N.D. Ill. July 2, 2003). Accordingly, this charge will be deducted from the deposition costs.

relevant to this case because Plaintiff's Complaint alleges that she suffered physical stress and emotional damages. The Court's review of Plaintiff's Complaint reveals that she alleged that "[a]s a result of Plaintiff's termination, she suffered lost wages, *physical stress and emotional damages.*" Pl.'s Compl. ¶ 14 (emphasis added). Accordingly, whether Plaintiff suffered physical stress and emotional damages, and their extent, is relevant to the issue of damages in this case. Therefore, Plaintiff's medical records are necessary for the instant action and Plaintiff's objection to the taxing of these costs is overruled.

*5. Other Costs*

Although the Court overrules Plaintiff's objections to the taxing of costs related to deposition costs and medical record copying costs, in the interest of judicial efficiency, the Court will evaluate the other costs that Defendants seek to be taxed.

In their Bill of Costs and Amended Bill of Costs, Defendants also seek taxation for postage, photocopying/printing, UPS, and courier costs. However, courier, delivery, and postage costs are not costs that are permitted under 28 U.S.C. § 1920. *Medline Indus., Inc. v. Medline Prods. Co.*, No. 03 C 7255, 2004 WL 1921020, at *7 (N.D. Ill. July 8, 2004). "In fact, costs such as postage and mail services have been 'disallowed on the grounds that such expenses are generally considered overhead, or part of the cost of operating a law firm.'" *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 915 (N.D. Ind. 1998). Further, copying costs that are not discernable from supporting documentation are not allowed. *Williams v. Community High School Dist. 218*, No. 04 C 5279, 2006 WL 681045, at *1 (N.D. Ill. March 13, 2006).

Here, in the Bill of Costs and Amended Bill of Costs Defendants request photocopying and printing costs, but have failed to attach any invoices or other supporting documentation in support

6

of these costs. The Court is unable to discern what documents were copied, the purpose of these copies, the costs per page, or the number of copies made. Therefore, the Court cannot determine whether the copies were reasonably necessary for use in this case, so these costs are disallowed. *See id.*; *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403, at *2 (N.D. Ill. Aug. 28, 2000) (disallowing copying costs where the defendant failed to describe the number of pages copied and cost per page); *Am. Auto. Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998) (denying costs for copies where invoices failed to describe costs per page or number of copies made); *In re Schwinn Bicycle Co.*, 210 B.R. 764, 770 (N.D. Ill. 1997) (stating that "[e]ven though § 1920(3) allows the prevailing party to recoup printing fees, these fees are subjected to scrutiny regarding their necessity and reasonableness," and denying printing costs where the prevailing party failed to demonstrate the precise number of pages or copies that were necessary for the litigation, and the types of documents or the number of copies made per document).

Further, with regard to the requested postage, UPS, and courier costs, Defendants have failed to provide any invoices explaining whether these charges were necessarily incurred. Accordingly, because these costs are not permitted under 28 U.S.C. § 1920, and Defendants have not provided the Court with any basis upon which to exercise its discretion to award these costs, the request for postage, UPS, and courier costs must also be disallowed. *See Medline*, 2004 WL 1921020, at *7; *Tony Jones Apparel, Inc. v. Indigo USA LLC*, No. 03 C 0280, 2005 WL 3115234, at *5 (N.D. Ill. Nov. 16, 2005) (disallowing such costs where party failed to provide any proof explaining whether the requested charges were necessarily incurred and where party failed to provide the court with a factual basis upon which to exercise its discretion to award those costs).

**CONCLUSION**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection to Taxing of Costs [DE 64]. The Court hereby **APPROVES** Defendants' Bill of Costs, to the extent of $3,331.25, reflecting only the allowable costs incurred for depositions and copying medical records.

SO ORDERED this 26th day of February, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record